**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: April 18, 2023

S23Y0621. IN THE MATTER OF CLAUD L. MCIVER III.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary surrender of license to practice law filed by Claud L. McIver III (State Bar No. 494125) prior to the issuance of a formal complaint. See Bar Rule 4-227 (b) (2). On April 23, 2018, following a jury trial, McIver, who has been a member of the State Bar of Georgia since 1973, was convicted in the Superior Court of Fulton County of felony murder based on aggravated assault, possession of a firearm during the commission of a crime, and influencing a witness. This Court accepted McIver's petition for voluntary suspension of his license pending the outcome of his appeal of those convictions, suspending him "until further order of this Court," and directing him "to notify the State Bar of the final disposition of his direct appeal." *In the Matter of McIver*, 303 Ga. 802, 802 (815 SE2d

53) (2018). Last year, this Court reversed McIver's convictions of felony murder and possession of a firearm during the commission of a crime, but affirmed his conviction of influencing a witness, which is a felony. *McIver v. State*, 314 Ga. 109 (875 SE2d 810) (2022); see OCGA § 16-10-93 (b) (2). In his petition, McIver admits that he has violated Rule 8.4 (a) (2) (lawyer shall not be convicted of a felony) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), the maximum penalty for which is disbarment, and therefore seeks to voluntarily surrender his license to practice law, which is tantamount to disbarment. See Georgia Rules of Professional Conduct Rule 1.0 (s). The State Bar responds that it has no objection to McIver's petition.

We have reviewed the record and agree to accept McIver's petition for the voluntary surrender of his license, a disposition that is consistent with prior, similar cases. See *In the Matter of Jones*, 313 Ga. 571 (871 SE2d 671) (2022) (accepting voluntary surrender of license for lawyer's convictions for influencing a witness, violation of oath by a public officer, and attempted violation of oath by public

officer); *In the Matter of Hill*, 302 Ga. 871, 871 (809 SE2d 793) (2018) (accepting voluntary surrender of license for lawyer's convictions for influencing a witness and criminal attempt to suborn perjury). Accordingly, it is hereby ordered that the name of Claud L. McIver III be removed from the rolls of persons authorized to practice law in the State of Georgia. McIver is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur, except Peterson, P. J., not participating, and LaGrua, J., disqualified.*